IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA (Ocala)

MARILYN OAKIE, AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF JACOB OAKIE, DECEASED, ON BEHALF OF THE ESTATE AND SURVIVORS,

      Plaintiffs,

vs.

BILLY WOODS, SHERIFF OF MARION COUNTY, FLORIDA, IN HIS OFFICIAL CAPACITY; HEART OF FLORIDA HEALTH CENTER, INC.; MAJOR CLINT BOWEN; DEPUTY CHIEF ROBERT DOUGLAS; CAPTAIN BRIAN SPIVEY; CAPTAIN ALESIA CHISHOLM; MONICA HOPKINS; DR. JOHN PEARSON; DR. JOSE RODRIGUEZ; NURSE JOHN LITTLE; NURSE COLLEEN RUTLAND; NURSE SANDY GOMEZ; NURSE DORISVEL RAMOS; ARNP DUANE CUNNINGHAM; NURSE LESLIE TYSON; NURSE ANDREA YOUNES; OFFICER N. CUSTODIO; DEPUTY GORDON; DEPUTY IOVINO;

      Defendants.

_____/

CASE NO. 5:26-cv-00405 (WFJ)(PRL)

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW, the Defendants, HEART OF FLORIDA HEALTH CENTER, INC., DR. JOHN PEARSON, DR. JOSE RODRIGUEZ, JOHN LITTLE, RN,

COLLEEN RUTLAND, RN, SANDY GOMEZ, RN, DORISVEL RAMOS, RN, DUANE CUNNINGHAM, ARNP, LESLIE TYSON, RN, and ANDREA YOUNES, RN, by and through their undersigned counsel, and pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, and Rule 3.01 of the Local Rules of the United States District Court, Middle District of Florida, file this Motion to Dismiss Plaintiff's Complaint and Demand for Jury Trial and Incorporated Memorandum of Law and states as follows:

## **INTRODUCTION**

1. On or about June 3, 2026, Plaintiff filed her Complaint and Demand for Jury Trial. (Doc. 1).

2. The Complaint alleges that Defendants, HEART OF FLORIDA HEALTH CENTER, INC. (hereinafter, "HOFHC") and its healthcare providers acted with deliberate indifference towards the decedent's complaints of hypoglycemia, congestion, cold symptoms, and ear pain, thus delaying medical care and treatment he was otherwise entitled to.

3. The Plaintiff's factual allegations stem from medical care and treatment he received as a pretrial detainee at the Marion County Jail ("MCJ") and include allegations of, "a widespread custom and practice of providing inadequate medical care to inmates, including depriving inmates with serious and progressing medical conditions of timely and adequate care, depriving

4931-0617-2860, v. 1

critically ill inmates of access to hospital care, and failing to properly staff its jail with medical providers." (Doc. 1 at ¶178).

4. HOFHC submits that the Plaintiff's allegations fail to rise to the levels required to state a cognizable cause of action against the Defendant for actions that constitute deliberate indifference to a serious medical condition as required by law and therefore, are subject to dismissal.

5. Further, Count VI of Plaintiff's Complaint, directed at seven (7) named defendants, are impermissibly grouped together as the, "Supervisory Defendants," and constitute an improper shotgun pleading disfavored by the Federal Courts. (Doc. 1 at pgs. 37-38).

6. Finally, dismissal is required as Plaintiff has failed to comply with Florida's presuit obligations set for the in Chapter 766, Florida Statutes, which are an absolute precedent to filing a claim arising out of the rendering, or failure to render medical care and treatment under Florida law.

7. Accordingly, HOFHC's Motion to Dismiss should be granted.

## MEMORANDUM OF LAW

### I.      STATEMENT OF THE CASE AND FACTS

Within Plaintiff's Complaint and Demand for Jury Trial, it is alleged that Jacob Oakie's rights protected by the Fourteenth Amendment to the United States Constitution, as well as 42 U.S.C. §1983, were violated (Doc 1 at pg.31). For all

times relevant, Mr. Oakie was a pretrial detainee at the Marion County Jail (*Id*). The Complaint and Demand for Jury Trial goes on to document each and every medical complaint made by Mr. Oakie while detained at the Marion County Jail, along with the responses by medical providers at the facility.

Specifically, the Complaint outlines each and every medical issue raised by Mr. Oakie and recounts appropriate, indicated responses by the healthcare providers present. On June 27, 2024, Mr. Oakie reported hypoglycemia and requested a meal. (*Id* at pg. 9). Healthcare providers responded and placed the patient on a high-calorie diet. (*Id*). Thereafter, on July 18, 2024, Mr. Oakie again requested medical assistance, complaining of an ear infection and pain. (Id at pg. 10). Upon evaluation within 24-hours of his request, he reported left ear and jaw pain and intermittent swelling and drainage, as well as a cold. (*Id*). He was given medication appropriate for treatment of an ear infection and cold symptoms to address his symptoms and instructed to return if his condition worsened. (*Id*). On July 22, 2024 Mr. Oakie reported continuing pain and discomfort. (*Id* at pgs. 10-11). He was again evaluated and a low-grade fever was noted for the first time. (*Id*). That same day, Mr. Oakie was re-evaluated and admitted to the infirmary for observation. (*Id*). On July 23, 2024, labs were ordered, and for the first time, the patient reported nausea and vomiting. (*Id* at pgs. 12-13).

Per Plaintiff's Complaint, Mr. Oakie remained in the infirmary on July 24-25, where he continued to receive IV fluids and medications to address his complaints. (*Id* at pgs. 13-16). Lab values were reviewed on July 24, 2024, which were consistent with the patient's complaints of an ear infection and cold symptoms. (*Id*). He remained in the infirmary under observation for the next 48-hours, and on the morning of July 26, 2024, he was transported to the emergency department of AdventHealth Ocala Hospital following an altercation with deputies at the Marion County Jail. (*Id* at pgs. 16-17). Unfortunately, healthcare providers at the hospital were unable to stabilize Mr. Oakie, and he died on July 28, 2024. (*Id* at pg. 19).

By her own admission, Plaintiff concedes that while Mr. Oakie was a pretrial detainee at the Marion County Jail, each medical issue raised was acknowledged and addressed by HOFHC staff. Based on the events that took place over one week, the Complaint alleges that Mr. Oakie's symptoms were disregarded and that he received no treatment for his complaints. (*Id* at pgs. 10-19).

## II.   ARGUMENT

Legal Standard

The function of a Motion to Dismiss is, "to raise as a question of law sufficiency of facts alleged to state a cause of action." *Kest v. Nathanson*, 216 So.2d 233, 235 (Fla 4th DCA 1968). Dismissal of a plaintiff's claims is proper if, when accepting the allegations as true, the complaint fails to state a cause of action. Fla.

R. Civ. Pro. 1.140(b); *Royal & Sunalliance v. Lauderdale Marine Ctr.*, 877 So. 2d 843, 845 (Fla. 4th DCA 2004). "It is axiomatic that a complaint must allege ultimate facts establishing each and every essential element of a cause of action in order to entitle the pleader to the relief sought." *Sanderson v. Eckerd Corp.*, 780 So.2d 930, 933 (Fla. 5th DCA 2001). Moreover, "where the elements of a cause of action are not pled in the complaint, they may not be inferred by the context of the allegations." *Id*.

Although the court's consideration is limited to the four corners of the complaint in deciding a motion to dismiss, and all well pleaded allegations are accepted as true, allegations consisting of nothing more than "[b]are conclusions" are not properly part of that consideration. *Alvarez v. E & A Produce Corp.*, 708 So. 2d 997, 999-1000 (Fla. 3d DCA 1998). The Court should not accept the pleader's opinions, conclusions of law, or "unwarranted conclusions of fact." *Esposito v. Horning*, 416 So. 2d 896, 898 (Fla. 4th DCA 1982); *Ellison v. City of Fort Lauderdale*, 175 So. 2d 198, 200 (Fla. 1965). To that end, the factual allegations and reasonable inferences must, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the complaint must meet certain pleading requirements. Specifically, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and must provide "more than labels and conclusions [or] a formulaic recitation of the elements of the cause of action . . . ." *Twombly*, 550 U.S. at 555. In short, the

"[f]actual allegations must be enough to raise a right to relief above the speculative level . . ." *Twombly*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

In considering the Complaint at bar, the facts as stated do not sufficiently allege a claim for violations of the Federal Constitution arising out of a deliberate indifference to provide medical care and treatment. There are no allegations of refusal to treat; to the contrary, Plaintiff's Complaint concedes appropriate responses by the healthcare providers at HOFHC for each and every complaint raised by Mr. Oakie, up to and including the administration of anti-inflammatory medications, anti-emetic medications, IV fluids, and laboratory testing when indicated. Allegations of this nature do not establish a claim for deliberate indifference to a serious medical need such that relief could be granted. Plaintiff's Complaint also does not allege any refusal to treat Mr. Oakie's complaints; rather, Plaintiff alleges that HOFC and its employe providers deprived him of "timely and adequate care." This alone does not rise to the level of reckless disregard required to establish a claim for deliberate indifference to a serious medical need.

Moreover, as the claims alleged against the healthcare providers arise out of medical care and treatment, they are are subject to Florida's medical malpractice pre-suit screening requirements. In this regard, Plaintiff has utterly failed to comply with

Chapter 766, Florida Statutes; therefore, any claims arising out of the care and treatment rendered, including claims for wrongful death, should be dismissed.

Finally, to the extent that Defendants listed in Count IV of Plaintiff's Complaint are improperly lumped together, this constitutes an impermissible shotgun pleading. As written, it is impossible to determine which individual parties the allegations are directed at and therefore impossible to respond to. Accordingly, Plaintiff's Complaint should be dismissed for failure to state a cause of action upon which relief can be granted.

A. Motion to Dismiss Claims Regarding Medical Care- Counts I and VI

Applying the aforementioned pleading standards to claims based on deliberate indifference to a serious medical need, Federal Courts require both a subjective and objective inquiry. *See Ireland v. Prummell*, 53 F.4th 1274 (11th Cir. 2022). To satisfy the objective prong, a Plaintiff must allege an objectively serious medical need. *Id.* A serious medical need has been described by Federal Courts as one requiring, "immediate medical attention." *Gilmore v. Hodges*, 738 F.3d 266, 274 (11th Cir. 2013); *quoting Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1190 (11th Cir. 1994). To allege deliberate indifference, a Plaintiff must set forth facts amounting to 1) knowledge of a risk of serious harm, and; 2) disregard of that risk; through 3) conduct that exceeds gross negligence. *Gilmore*, 738 F.3d at 274. Ultimately, it must

be shown that the defendant's conduct surpassed gross negligence and more closely resembled reckless disregard in order to sustain a claim grounded in deliberate indifference to a serious medical need. *Ireland*, 54 F.4th at 1287-88. Finally, Federal Courts have noted that allegations consisting of, "mere medical malpractice [do] not constitute deliberate indifference." *Id* at 1295. Moreover, "[w]here a prisoner has received…medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law." *Jackson v. Jones*, 2017 WL 1362131 at *6 (N.D. Fla. 2017).

In this instance, Plaintiff has not alleged that Mr. Oakie's medical complaints were dismissed, disregarded, or ignored. To the contrary, each complaint raised was met with an evaluation, medications, and recommendations consistent with the nature of the complaint. None of the allegations set forth in Plaintiff's Complaint rise to the level of reckless disregard required to sustain a claim for deliberate indifference.  Based on the foregoing, Plaintiff's claims arising out of the care and treatment rendered by the healthcare providers of HOFHC fail to state a cognizable cause of action and should be dismissed.

1.  Plaintiff's Claims Are Not Actionable As They
    Question  Defendant's Medical Judgment

4931-0617-2860, v. 1

A state has the constitutional obligation to provide adequate medical care— not mistake-free medical care—to those in confinement. *Bowen v. Gee*, 2021 WL 597701 at *6 (M.D. Fla. 2021) *citing Adams v. Poag*, 61 F.3d 1537 (11th Cir. 1995); *Mandel v. Doe*, 888 F.2d 783 (11th Cir. 1989). "Accidents, mistakes, negligence, and medical malpractice are not 'constitutional violations merely because the victim is a prisoner.'" *Bowen*, *supra*, *quoting Harris v. Coweta County*, 21 F.3d 388, 393 (11th Cir. 1994) (*citing Estelle*, 429 U.S. at 106). "Claims concerning the doctor's medical judgment, such as whether the doctor should have used another form of medical treatment or a different diagnostic test, are inappropriate claims" in a civil rights action. *Bowen*, *supra*, *quoting Wallace v. Hammontree*, 615 F. App'x 666, 667 (11th Cir. 2015). "Federal courts are reluctant to find a defendant was deliberately indifferent when the prisoner received medical treatment unless such treatment was grossly incompetent." *Scott v. Perry*, 2021 WL 1134900 at *9 (N.D. Fla. 2021) *citing Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989); *Merritt v. Transport Officer 1*, 2022 WL 1284306 at *5 (N.D. Fla. 2022).

Here, it is clear that Plaintiff's allegations are woefully inadequate to state a claim for deliberate indifference. The allegations recount administration of appropriate and indicated medical care and treatment based on the complaints. Therefore, Plaintiff has failed to establish grounds for a claim for deliberate indifference; therefore, Plaintiff's Complaint should be dismissed.

2. <u>Plaintiff Failed to Comply with Florida's Medical Malpractice
Presuit Screening Obligations Mandated by Chapter 766, Florida Statutes</u>

In the context of medical care and treatment rendered by healthcare providers, Florida has set forth a strict pre-suit screening process that is an absolute condition precedent to filing a lawsuit arising out of the rendering, or failure to render medical care and treatment. §766.102, Florida Statutes (2026). Failure to comply with the presuit investigatory process shall result in dismissal of the claims. §766.1063, Florida Statutes; *Cohen v. West Boca Medical Center, Inc.,* 854 So. 2d 276 (Fla. 4th DCA 2003) (finding that dismissal of action for failure to comply with statutory presuit requirements was proper); *Miami Physical Therapy v. Savage*, 632 So. 2d 114 (Fla. 3d DCA 1994) (patient's failure to comply with statutory presuit screening requirements required dismissal of the action).

Further, "the presuit investigation notice of intent to initiate medical malpractice litigation and the corroborating affidavit required by the Medical Malpractice Act must sufficiently indicate the manner in which the defendant allegedly deviated from the standard of care, and must provide adequate information for the defendants to evaluate the merits of the claim." *Wells v. Quintero*, 429 So.3d 576 (Fla 5th DCA 2026), reh'g denied (Mar. 13, 2026); *Potparic v. Barnes*, 419 So.3d 1100, 1103 (Fla. 4th DCA 2025); *Cordero v. Martin Mem'l Med. Ctr., Inc.,* No. 4D2024-2444, 2026 WL 530666, at *2 (Fla. Dist. Ct. App. Feb. 25, 2026), reh'g denied (May 7, 2026). Failure to  sufficiently indicate the manner in which Plaintiff

4931-0617-2860, v. 1

alleges that the Defendant was negligent also requires dismissal. §766.203(2), Florida Statutes; *Potparic*, 419 So.3d at 1102.

A plain reading of Plaintiff's Complaint demonstrates that the allegations arise out of the rendering of medical care and treatment by a healthcare provider. In order to sustain such a claim, a Plaintiff must first comply with the obligations set forth in Chapter 766, Florida Statutes. At no time did Plaintiff engage in a pre-suit investigation of the claims based on the claims of wrongful death. Specifically, no Notice of Intent pursuant to Chapter 766, Florida Statutes was received, no expert witness corroboration was provided, and Plaintiff conducted no presuit investigation prior to serving her Complaint. Because Plaintiff has not complied with any of the provisions set forth in Chapter 766, Florida Statutes, the Complaint should be dismissed.

B. Motion to Dismiss Monell Allegations for Failure to State a Claim- Count III

Since the refusal of Federal Courts to recognize Respondeat superior liability in the context of governmental claims, the findings outlined in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) have governed claims for municipal liability. In considering claims alleging a failure to supervise, Federal Courts hold Plaintiffs to a rigorously high standard of culpability and causation. *See City of Canton v. Harris*, 489 U.S. 378 (1989). Coupled with the fact-pleading

specifics outlined in such seminal Federal cases like *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a Plaintiff must set forth facts sufficient to establish a claim of deliberate indifference to violations of constitutional rights culminating in harm. *See Board of Cnty. Comm'rs v. Brown*, 520 U.S. 397 (1997).

In reviewing Plaintiff's allegations contained in Count III, there is a distinct lack of factual allegations that would support the claims set forth therein. Specifically, the allegations contain mere conclusions of law devoid of factual support that could constitute a cognizable claim for liability under a theory of failure to supervise that the *Monell* court considered. Claims that HOFHC has a, "widespread custom and practice of providing inadequate medical care to MCJ inmates, including depriving inmates with serious and progressing medical conditions of timely and adequate care, depriving critically ill inmates of access to hospital care, and failing to properly staff its jail with medical providers," (Doc. 1 at ¶178), requires factual allegations to elevate the statement from a mere legal conclusion to a claim upon which relief could be granted. The statement, without more, does not establish such a claim and therefore runs afoul of well-established fact-pleading precedent.  Because Plaintiff failed to allege facts sufficient to state a claim for supervisory liability under a *Monell* theory, Count III should be dismissed.

C. <u>Motion to Dismiss Supervisory Liability Claim as a Shotgun Pleading-Count IV</u>

With regard to claims against multiple defendants, the court in *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015) has analyzed a form of shotgun pleadings as, "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id* at 1323. The Court in *Brogan v. Volusia County, Florida*, 2018 WL 2359145 at * 3 (M.D. Fla. 2018) has cautioned that, "[s]hotgun pleadings fundamentally violate Federal Rules of Civil Procedure 8(a)(2) and 10(b)." *Id* at *3. This is particularly difficult on Defendants because shotgun pleadings, "fail…to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

In the instant case, Count IV of Plaintiff's Complaint impermissibly address the "Supervisory Defendants," which include a Defendant healthcare provider in addition to employees of the Marion County Sheriff's Office. By referring to the seven (7) separate Defendants collectively, it is entirely unclear whether Plaintiff is alleging that all or merely some participated in each and every allegation raised within the Count, rendering an appropriate response an impossibility. For this reason, Count VI of Plaintiff's Complaint should be dismissed.

WHEREFORE, Defendants, , HEART OF FLORIDA HEALTH CENTER, INC., DR. JOHN PEARSON, DR. JOSE RODRIGUEZ, JOHN LITTLE, RN, COLLEEN RUTLAND, RN, SANDY GOMEZ, RN, DORISVEL RAMOS, RN, DUANE CUNNINGHAM, ARNP, LESLIE TYSON, RN, and ANDREA YOUNES, RN, respectfully request this Honorable Court enter an Order granting the instant Motion to Dismiss Counts I, III, IV, and VI of Plaintiff's Complaint, and any additional relief deemed just and appropriate.

<strong><u>CERTIFICATE OF SERVICE</u></strong>

**WE HEREBY CERTIFY** that on the 8th day of July, 2026, we electronically filed the foregoing documents with the Clerk of the Court using CM/ECF.

Respectfully submitted,
 */s/ Howard L. Citron*
Howard L. Citron, ESQ
Florida Bar No: 333300
hlc.pleadings@lacavajacobson.com
LACAVA JACOBSON, P.A.
550 West Cypress Creek, Suite 150
Fort Lauderdale, FL 33309
Telephone: (954) 765-1001
Facsimile:  (954) 765-1005
*Attorneys for Defendants Heart of Florida Health Center, Inc., Dr. John Pearson, Dr. Jose Rodriguez, John Little, RN, Colleen Rutland, RN, Sandy Gomez, RN, Dorisvel Ramos, RN, Duane Cunningham, ARNP, Leslie Tyson, RN, and Andrea Younes, RN*

4931-0617-2860, v. 1

## <u>SERVICE LIST</u>

James Murray Slater, Esq.
Slater Legal PLLC
2296 Henderson Mill Rd NE
Suite 116
Atlanta, GA 30345
*Counsel for Plaintiff*

Paul M. McCahon, Esq.
Sam Horton, Esq.
Romanucci & Blandin, LLC
321 N Clark St
Suite 900
Chicago, IL 60654
*Counsel for Plaintiff*