**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARILYN OAKIE,**

Plaintiff,

v.

Case No. 5:26-cv-00405

**BILLY WOODS, et al.,**

Defendants.

# UNIFORM CASE MANAGEMENT REPORT

## 1. Date and Attendees

Plaintiff circulated this report via email to all counsel and received edits from Counsel for Defendants Billy Woods, Captain Brian Spivey, Officer N. Custodio Deputy Gordon, Deputy Iovino (Marion County Defendants). Plaintiff discussed these edits with Counsel for the Marion County Defendants on August 13, 2026, who then circulated a new version with the agreed upon edits. Counsel for Defendants Heart of Florida Health Center, Inc., Dr. John Pearson, Nurse John Little, Nurse Colleen Rutland, Nurse Sandy Gomez, Nurse Dorisvel Ramos, ARNP Duane Cunningham, Nurse Leslie Tyson & Nurse Andrea Younes, agreed to those edits on August 19, 2026.

## 2. Deadlines and Dates

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. See Fed. R. Civ. P. 26(a)(1). | September, 17, 2026 |

| Action or Event | Date |
|---|---|
| Deadline for moving to join a party, see Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, see Fed. R. Civ. P. 15(a). | January 13, 2027 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).<br>Plaintiff<br>Defendant<br>Rebuttal | <br><br><br>July 2, 2027<br>August 13, 2027<br>September 17, 2027 |
| Deadline for completing discovery and filing any motion to compel discovery. See Fed. R. Civ. P. 37; Middle District Discovery (2021). | October 22, 2027 |
| Deadline for moving for class certification, if applicable. See Fed. R. Civ. P. 23(c). | NA |
| Deadline for filing any dispositive and Daubert motion. See Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | October 29, 2027 |
| Deadline for participating in mediation. See Local Rules, ch. 4.<br>Enter mediator's name, address, and phone number. | November 12, 2027 |
| Date of the final pretrial meeting. See Local Rule 3.06(a). | January 14, 2028 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. See Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | January 21, 2028 |
| Date of the final pretrial conference. See Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | January 28, 2028 |

| Action or Event | Date |
|---|---|
| Month and year of the trial term. | April 2028 |

With the information currently available, the Defendants believe the trial will last approximately 7 days, but in an abundance of caution, Plaintiff contends that it may be as many as 14 days.

In any event, it will be a jury trial.

**3. Description of the Action**

In a few sentences, describe the nature of the action and its complexity.

This matter involves allegations that medical providers and officers at the Marion County Jail acted with deliberate indifference towards Mr. Jacob Oakie's serious medical need while he was incarcerated there. Specifically, Plaintiff alleges that Mr. Oakie developed meningitis while in Marion County custody, but did not receive any treatment to address that condition. As a result, Mr. Oakie passed away. Plaintiff has also alleged Section 1983 claims against the Sheriff of Marion County (in his official capacity) and Heart of Florida Health Center, Inc. for unconstitutional customs and practices that were the moving force behind this deliberate indifference. Plaintiff also alleges a state law claim of negligence against the Sheriff.

**4. Disclosure Statement**

Plaintiff has filed a disclosure statement using the required form.

**5. Related Action**

The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

**6. Consent to a Magistrate Judge**

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the

Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. See Fed. R. Civ. P. 73(b)(2).

The parties do not consent.

## 7. Preliminary Pretrial Conference

The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

## 8. Discovery Practice

The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. See Local Rule 3.01(g); Middle District Discovery (2021) at § I.A.2.

## 9. Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a): No; instead, the parties agree to the schedule provided above.

B. Discovery may be needed on these subjects: The treatment and care of Mr. Oakie before, during, and after his incarceration at Marion County Jail; the cause of Mr. Oakie's death; any force used on Mr. Oakie during his incarceration; the relevant customs, practices, and

policies of Heart of Florida and Sheriff Woods; all claimed damages and other relief sought.

C. Discovery should be conducted in phases: No.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information? The parties may require an ESI protocol later in discovery. The parties anticipate exchanging initial disclosures and discovery requests to determine whether any such protocol is necessary and the appropriate scope thereof.

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations: Plaintiff anticipates requiring more than ten depositions to gather evidence related to both deliberate indifference and the Defendants' customs, practices, and policies. Therefore, each Defendant agrees that Plaintiff may be permitted up to 20 depositions total; however, Plaintiff is not permitted more than 10 depositions of past or present Sheriff employees absent stipulation by counsel for the Sheriff or order of the Court pursuant to Fed.R.Civ.P. 30(b)(4).

**10. Request for Special Handling**

The parties do not request special handling.

**11. Certification of Familiarity with the Local Rules**

The parties certify that they have read and are familiar with the Court's Local Rules.

**12. The parties agree that, in addition to the methods prescribed in Federal Rule of Civil Procedure 5, service of discovery may be accomplished by electronic mail delivery to all persons registered with CM/ECF in this action. This provision shall constitute each party's consent in writing for delivery by any other means, as provided by Federal Rule of Civil Procedure 5(b)(2)(B)(F). In addition, the Parties agree that the 3-day period allotted for service by mail shall not apply to electronically-served discovery in this matter.**

## 12. Signatures

Respectfully submitted,

/s/ Sam Harton

**ROMANUCCI & BLANDIN**
Sam Harton*
321 N. Clark St. STE 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
sharton@rblaw.net
**Pro hac vice forthcoming*
James M. Slater (FBN 111779)

**SLATER LEGAL, PLLC**
2296 Henderson Mill Rd NE #116
Atlanta, Georgia 30345
Tel. (404) 458-7283
james@slater.legal

*Attorneys for Plaintiff*

Date: 8/7/26

/s/ Brandon W. White

**COPPINS MONROE, P.A.**
William B. Armistead
(FBN 88535)
Brandon W. White
(FBN 84788)
2316 Killearn Center Blvd.,
Ste. 202
Tallahassee, FL 32309
850-422-2420
Fax: 850-422-2730
warmistead@coppinsmonroe.com
bwhite@coppinsmonroe.com

*Attorneys for Defendants Billy Woods, Captain Brian Spivey, Officer N. Custodio Deputy Gordon, Deputy Iovino*

Date: 8/11/2026

/s/ Cynthia Lynn

**Howard L. Citron**
**Cynthia Lynn**
**LACAVA JACOBSON**
550 W Cypress Creek Rd., STE 150
Ft. Lauderdale, FL 33309
954-205-0333
hlc.pleadings@lacavajacobson.com

*Counsel for Defendants Heart of Florida Health Center, Inc., Dr. John Pearson, Nurse John Little, Nurse Colleen Rutland, Nurse Sandy Gomez, Nurse Dorisvel Ramos, ARNP Duane Cunningham, Nurse Leslie Tyson & Nurse Andrea Younes*
Date: 8/19/2026