IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA (Ocala)

MARILYN OAKIE, AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF JACOB OAKIE, DECEASED, ON BEHALF OF THE ESTATE AND SURVIVORS,

CASE NO. 5:26-cv-00405 (WFJ)(PRL)

Plaintiffs,

vs.

BILLY WOODS, SHERIFF OF MARION COUNTY, FLORIDA, IN HIS OFFICIAL CAPACITY; HEART OF FLORIDA HEALTH CENTER, INC.; CAPTAIN BRIAN SPIVEY; DR. JOHN PEARSON; NURSE JOHN LITTLE; NURSE COLLEEN RUTLAND; NURSE SANDY GOMEZ; NURSE DORISVEL RAMOS; ARNP DUANE CUNNINGHAM; NURSE LESLIE TYSON; NURSE ANDREA YOUNES; NURSE JOHN LITTLE; OFFICER N. CUSTODIO; DEPUTY GORDON; DEPUTY IOVINO;

Defendants.
_______________________________/

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW, the Defendants, HEART OF FLORIDA HEALTH CENTER, INC., DR. JOHN PEARSON, JOHN LITTLE, RN, COLLEEN RUTLAND, RN, SWANDY GOMEZ, RN, DORISVEL RAMOS, RN, DUANE CUNNINGHAM, ARNP, LESLIE TYSON, RN, ANDREA YOUNES, RN, and JOHN LITTLE, RN, by and through their

undersigned counsel, and pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, and Rule 3.01 of the Local Rules of the United States District Court, Middle District of Florida, file this Motion to Dismiss Plaintiff's Complaint and Demand for Jury Trial and Incorporated Memorandum of Law and states as follows:

## INTRODUCTION

1. On or about July 29, 2026, Plaintiff filed her Amended Complaint and Demand for Jury Trial. (Doc. 25).
2. The Complaint alleges that Defendants, HEART OF FLORIDA HEALTH CENTER, INC. (hereinafter, "HOFHC") and its healthcare providers acted with deliberate indifference towards the decedent's complaints of hypoglycemia, congestion, cold symptoms, and ear pain, thus delaying medical care and treatment he was otherwise entitled to.
3. The Plaintiff's factual allegations stem from medical care and treatment he received as a pretrial detainee at the Marion County Jail ("MCJ") and include allegations of, "a widespread custom and practice of providing inadequate medical care to inmates, including depriving inmates with serious and progressing medical conditions of timely and adequate care, depriving critically ill inmates of access to hospital care, and failing to properly staff its jail with medical providers." (Doc. 25 at ¶178).
4. HOFHC submits that the Plaintiff's allegations fail to rise to the levels required to state a cognizable cause of action against the Defendant for actions that constitute

deliberate indifference to a serious medical condition as required by law and therefore, are subject to dismissal.

5. Moreover, Plaintiff has alleged *Monell* liability against HOFC and, in a separate Count, Dr. Pearson, based on an alleged, "widespread custom and practice of providing inadequate medical care to MCJ inmates, including depriving inmates with serious and progressing medical conditions of timely and adequate care, depriving critically ill inmates of access to hospital care, and failing to properly staff its jail with medical providers." (Doc. 25 at ¶178).

6. Again, Plaintiff has failed to set forth adequate facts to support this claim; therefore, it is also subject to dismissal.

7. Accordingly, HOFHC's Motion to Dismiss should be granted.

## MEMORANDUM OF LAW

### I. STATEMENT OF THE CASE AND FACTS

Within Plaintiff's Amended Complaint and Demand for Jury Trial, it is alleged that Jacob Oakie's rights protected by the Fourteenth Amendment to the United States Constitution, as well as 42 U.S.C. §1983, were violated (Doc 25 at pg.31-33). For all times relevant, Mr. Oakie was a pretrial detainee at the Marion County Jail (*Id*). The Complaint and Demand for Jury Trial goes on to document each and every medical complaint made by Mr. Oakie while detained at the Marion County Jail, along with the responses by medical providers at the facility.

Specifically, the Complaint outlines each and every medical issue raised by Mr. Oakie and recounts appropriate, indicated responses by the healthcare providers present.

On June 27, 2024, Mr. Oakie reported hypoglycemia and requested a meal. (*Id* at pg. 8). Healthcare providers responded and placed the patient on a high-calorie diet. (*Id* at pg. 9). Mr. Oakie raised no additional medical complaints until, on July 18, 2024, when he submitted an Inmate Medical Request Form complaining of an ear infection and pain. (*Id* at pg. 9). Upon evaluation within 24-hours of his request, he reported left ear and jaw pain and intermittent swelling and drainage, as well as a cold. (*Id*). He was given medication appropriate for treatment of an ear infection and cold symptoms to address his symptoms and instructed to return if his condition worsened. (*Id* at pg. 10). On July 22, 2024 Mr. Oakie reported continuing pain and discomfort. (*Id* at pg. 10). He was again evaluated and a low-grade fever was noted for the first time. (*Id*). That same day, Mr. Oakie was re-evaluated and admitted to the infirmary for observation. (*Id* at pg. 11). On July 23, 2024, labs were ordered, and for the first time, the patient reported nausea and vomiting. (*Id* at pg. 12).

Per Plaintiff's Complaint, Mr. Oakie remained in the infirmary on July 24-25, where he continued to receive IV fluids and medications to address his complaints. (*Id* at pg. 12). Lab values were reviewed on July 24, 2024, which were consistent with the patient's complaints of an ear infection and cold symptoms. (*Id*). He remained in the infirmary under observation for the next 48-hours, and on the morning of July 26, 2024, he was transported to the emergency department of AdventHealth Ocala Hospital following an altercation with deputies at the Marion County Jail. (*Id* at pg. 17). Unfortunately, healthcare providers at the hospital were unable to stabilize Mr. Oakie, and he died on July 28, 2024. (*Id* at pg. 18).

By her own admission, Plaintiff concedes that while Mr. Oakie was a pretrial detainee at the Marion County Jail, each medical issue raised was acknowledged and addressed by HOFHC staff. Based on the events that took place over one week, the Complaint improperly alleges that Mr. Oakie's symptoms were disregarded and that he received no treatment for his complaints. (*Id* at pgs. 10-15).

Within the Amended Complaint, Plaintiff also raises several allegations that appear to support the *Monell* claims. Specifically, Plaintiff alleges that staff fails to refer detainees for a higher level of care when they, "know [the] condition requires treatment beyond the jail's capabilities." (*Id* at ¶112). The Amended Complaint also alleges that jail staff employs conservative treatment, ignores and/or trivializes complaints of the pretrial detainees, and that the jail is understaffed, creating a delay in care and treatment for the detainees. (*Id* at 113-115). In support of these allegations, Plaintiff raises facts inapplicable to the care and treatment at issue here.

In support of these allegations, Plaintiff outlines a series of instances, reported on by both former MCJ staff and outside sources; however, none apply to Mr. Oakie's care and treatment while detained. For example, Plaintiff cites to a former employee's grievances regarding denial of medical care to the detainees, discontinuation of medications, confiscation of canes and walkers, in addition to other allegations of sick call request going unanswered. (Doc. 25 at pgs. 24-28). Though the allegations are serious in nature, none are applicable to the facts surrounding Mr. Oakie's detention, complaints, or the timely, appropriate care that was rendered.

## II. ARGUMENT

### Legal Standard

The function of a Motion to Dismiss is, "to raise as a question of law sufficiency of facts alleged to state a cause of action." *Kest v. Nathanson*, 216 So.2d 233, 235 (Fla 4th DCA 1968). Dismissal of a plaintiff's claims is proper if, when accepting the allegations as true, the complaint fails to state a cause of action. Fla. R. Civ. Pro. 1.140(b); *Royal & Sunalliance v. Lauderdale Marine Ctr.*, 877 So. 2d 843, 845 (Fla. 4th DCA 2004). "It is axiomatic that a complaint must allege ultimate facts establishing each and every essential element of a cause of action in order to entitle the pleader to the relief sought." *Sanderson v. Eckerd Corp.*, 780 So.2d 930, 933 (Fla. 5th DCA 2001). Moreover, "where the elements of a cause of action are not pled in the complaint, they may not be inferred by the context of the allegations." *Id*.

Although the court's consideration is limited to the four corners of the complaint in deciding a motion to dismiss, and all well pleaded allegations are accepted as true, allegations consisting of nothing more than "[b]are conclusions" are not properly part of that consideration. *Alvarez v. E & A Produce Corp.*, 708 So. 2d 997, 999-1000 (Fla. 3d DCA 1998). The Court should not accept the pleader's opinions, conclusions of law, or "unwarranted conclusions of fact." *Esposito v. Horning*, 416 So. 2d 896, 898 (Fla. 4th DCA 1982); *Ellison v. City of Fort Lauderdale*, 175 So. 2d 198, 200 (Fla. 1965). To that end, the factual allegations and reasonable inferences must, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other

words, the complaint must meet certain pleading requirements. Specifically, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and must provide "more than labels and conclusions [or] a formulaic recitation of the elements of the cause of action . . . ." *Twombly*, 550 U.S. at 555. In short, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . ." *Twombly*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

In considering the Complaint at bar, the facts as stated do not sufficiently allege a claim for violations of the Federal Constitution arising out of a deliberate indifference to provide medical care and treatment. There are no allegations of refusal to treat; to the contrary, Plaintiff's Complaint concedes appropriate responses by the healthcare providers at HOFHC for each and every complaint raised by Mr. Oakie, up to and including the administration of anti-inflammatory medications, anti-emetic medications, IV fluids, and laboratory testing when indicated. Allegations of this nature do not establish a claim for deliberate indifference to a serious medical need such that relief could be granted. Plaintiff's Complaint also does not allege any refusal to treat Mr. Oakie's complaints; rather, Plaintiff alleges that HOFC and its employe providers deprived him of "timely and adequate care." This alone does not rise to the level of reckless disregard required to establish a claim for deliberate indifference to a serious medical need.

A. Motion to Dismiss Count I

Applying the aforementioned pleading standards to claims based on deliberate indifference to a serious medical need, Federal Courts require both a subjective and

objective inquiry. *See Ireland v. Prummell*, 53 F.4th 1274 (11th Cir. 2022). To satisfy the objective prong, a Plaintiff must allege an objectively serious medical need. *Id.* A serious medical need has been described by Federal Courts as one requiring, "immediate medical attention." *Gilmore v. Hodges*, 738 F.3d 266, 274 (11th Cir. 2013); *quoting Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1190 (11th Cir. 1994). To allege deliberate indifference, a Plaintiff must set forth facts amounting to 1) knowledge of a risk of serious harm, and; 2) disregard of that risk; through 3) conduct that exceeds gross negligence. *Gilmore*, 738 F.3d at 274. Ultimately, it must be shown that the defendant's conduct surpassed gross negligence and more closely resembled reckless disregard in order to sustain a claim grounded in deliberate indifference to a serious medical need. *Ireland*, 54 F.4th at 1287-88. Finally, Federal Courts have noted that allegations consisting of, "mere medical malpractice [do] not constitute deliberate indifference." *Id* at 1295. Moreover, "[w]here a prisoner has received…medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law." *Jackson v. Jones*, 2017 WL 1362131 at *6 (N.D. Fla. 2017).

In this instance, Plaintiff has not alleged that Mr. Oakie's medical complaints were dismissed, disregarded, or ignored. To the contrary, each complaint raised was met with an evaluation, medications, and recommendations consistent with the nature of the complaint. None of the allegations set forth in Plaintiff's Complaint rise to the level of reckless disregard required to sustain a claim for deliberate indifference. Based on the foregoing,

Plaintiff's claims arising out of the care and treatment rendered by the healthcare providers of HOFHC fail to state a cognizable cause of action and should be dismissed.

B. <u>Motion to Dismiss *Monell* Allegations for Failure to State a Claim- Counts III and VI</u>

Since the refusal of Federal Courts to recognize Respondeat superior liability in the context of governmental claims, the findings outlined in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) have governed claims for municipal liability. In considering claims alleging a failure to supervise, Federal Courts hold Plaintiffs to a rigorously high standard of culpability and causation. *See City of Canton v. Harris*, 489 U.S. 378 (1989). Coupled with the fact-pleading specifics outlined in such seminal Federal cases like *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a Plaintiff must set forth facts sufficient to establish a claim of deliberate indifference to violations of constitutional rights culminating in harm. *See Board of Cnty. Comm'rs v. Brown*, 520 U.S. 397 (1997).

In reviewing Plaintiff's allegations contained in Counts III and VI, there is a distinct lack of factual allegations that would support the claims set forth therein. Specifically, the allegations contain mere conclusions of law devoid of factual support that could constitute a cognizable claim for liability under a theory of failure to supervise that the *Monell* court considered. Claims that HOFHC has a, "widespread custom and practice of providing inadequate medical care to MCJ inmates, including depriving inmates with serious and progressing medical conditions of timely and adequate care, depriving critically ill inmates

of access to hospital care, and failing to properly staff its jail with medical providers," (Doc. 1 at ¶178), requires factual allegations to elevate the statement from a mere legal conclusion to a claim upon which relief could be granted. The statement, without more, does not establish such a claim and therefore runs afoul of well-established fact-pleading precedent. The facts set forth in the Amended Complaint that, presumably, support this contention are not applicable to the nature of the care and treatment rendered to Mr. Oakie. Indeed, there are no allegations that he was denied medication, had a walker or cane taken from him, or that the healthcare providers knew that his complaints were anything more than, by his own admission, an ear infection and common cold. Because Plaintiff failed to allege facts sufficient to state a claim for supervisory liability under a *Monell* theory, Counts III and VI should be dismissed.

In conclusion, Plaintiff's Amended Complaint fails to set forth sufficient facts to establish a claim for deliberate indifference of a serious medical need. The painstaking recitation of the eight (8) days prior to Mr. Oakie's transfer to AdventHealth Ocala Hospital confirm that each complaint was timely addressed, and all interventions were indicated and appropriate. The facts set forth in support of the *Monell* claims are wholly inapplicable to Mr. Oakie's condition, complaints, and care rendered. Based on the foregoing, Counts I, III, and VI of Plaintiff's Amended Complaint should be dismissed.

WHEREFORE, Defendants, , HEART OF FLORIDA HEALTH CENTER, INC., DR. JOHN PEARSON, DR. JOSE RODRIGUEZ, JOHN LITTLE, RN, COLLEEN RUTLAND, RN, SWANDY GOMEZ, RN, DORISVEL RAMOS, RN, DUANE

CUNNINGHAM, ARNP, LESLIE TYSON, RN, and ANDREA YOUNES, RN, respectfully request this Honorable Court enter an Order granting the instant Motion to Dismiss Counts I, III, and VI of Plaintiff's Complaint, and any additional relief deemed just and appropriate.

**CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that on the 31st day of August, 2026, we electronically filed the foregoing documents with the Clerk of the Court using CM/ECF.

Respectfully submitted,

*/s/ Howard L. Citron*

Howard L. Citron, ESQ
Florida Bar No: 333300
hlc.pleadings@lacavajacobson.com
LACAVA JACOBSON, P.A.
550 West Cypress Creek, Suite 150
Fort Lauderdale, FL 33309
Telephone: (954) 765-1001
Facsimile: (954) 765-1005
*Attorneys for Defendants Heart of Florida Health Center, Inc., Dr. John Pearson, John Little, RN, Colleen Rutland, RN, Sandy Gomez, RN, Dorisvel Ramos, RN, Duane Cunningham, ARNP, Leslie Tyson, RN, and Andrea Younes, RN*

**SERVICE LIST**

James Murray Slater, Esq.
Slater Legal PLLC
2296 Henderson Mill Rd NE
Suite 116
Atlanta, GA 30345
*Counsel for Plaintiff*

Paul M. McCahon, Esq.
Sam Horton, Esq.
Romanucci & Blandin, LLC
321 N Clark St
Suite 900
Chicago, IL 60654
*Counsel for Plaintiff*

William B. Armistead, Esq.
Brandon White, Esq.
Coppins Monroe, P.A.
2316 Killeran Center Blvd.
Suite 202
Tallahassee, FL 32309
*Counsel for Defendants Billy Woods, Captain Brian Spivey, Officer N. Custodio, Deputy Gordon, and Deputy Iovino*