UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARILYN OAKIE, AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF JACOB OAKIE, DECEASED, ON BEHALF OF THE ESTATE AND SURVIVORS,

PLAINTIFF,

CASE NO. 5:26-cv-00405-WFJ-PRL

v.

BILLY WOODS, SHERIFF OF MARION COUNTY, FLORIDA, IN HIS OFFICIAL CAPACITY, ET AL,

DEFENDANTS,
_______________________________________/

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO ENLARGE PAGE LIMIT [DOC. 36] BY DEFENDANTS SHERIFF WOODS, SPIVEY, CUSTODIO, GORDON, AND IOVINO**

Defendant Billy Woods, Sheriff of Marion County, Florida, in his official capacity ("Sheriff Woods"), Captain Brian Spivey ("Spivey"), Officer N. Custodio ("Custodio"), Deputy Gordon ("Gordon"), and Deputy Iovino ("Iovino") (each, a "Defendant" and together, the "Defendants"), hereby respond in opposition to Plaintiff's motion to enlarge the 20-page limitation on her response to Defendant's motion to dismiss her Amended Complaint, [Doc. 36].

1. On August 31, 2026, Defendants timely filed their motion to dismiss Plaintiff's Amended Complaint within the standard 25-page limit required by Local Rule 3.01. [Doc. 30].

2. On September 25, 2026, after receiving an unopposed extension of time to respond to the Defendants' motion to dismiss, [Doc. 35], Plaintiff filed her instant opposed motion to enlarge the standard Local Rule 3.01 limit on her response from 20 pages to 30 pages. [Doc. 36].

3. On September 28, 2026, Plaintiff filed a 30-page response in opposition to the Defendants' motion to dismiss ("Response"). [Doc. 38].

4. "The [Middle District of Florida's] page limit requirement is not imposed to burden the parties. It is intended to focus the parties' attention on the most pressing matters and winnow the issues to be placed before the Court, thereby conserving judicial resources." Mobile Shelter Sys. USA v. Grate Pallet Sols., LLC, 845 F. Supp. 2d 1241, 1253 (M.D. Fla. 2012)

5. Here, Plaintiff devotes ten (10) entire pages of her Response to re-styling and modifying the allegations of her Amended Complaint into sections labeled "Introduction" and "Factual Background." In doing so, Plaintiff

attempts to lure the Court into considering a new, substantively revised version of events rather than the allegations of her actual pleading.[1]

6. For example, Plaintiff's "Factual Background" section explicitly cites paragraphs 59-60 of her Amended Complaint as asserting simply: "Ramos observed him sweating profusely." [Doc. 38, p. 4]. In reality, paragraphs 59-60 of Plaintiff's Amended Complaint alleged: "59. Nurse Ramos observed Mr. Oakie sweating profusely. 60. **Mr. Oakie was transported to the infirmary again with a note, "Nurse Observation 23 hours**." [Doc. 25, ¶59-60 (emphasis added)].

7. Given the substance of the (incorrect) arguments that follow in Plaintiff's Response: (1) that Oakie's medical files should not be part of this Court's consideration of the Defendant's motion to dismiss because they were not central to Plaintiff's claims, [Doc. 38, p. 12]; and (2) that jail staff were deliberately indifferent, [Doc. 38, pp. 14-31], the motivation and intent behind Plaintiff's 10 pages of extra effort is obvious, and they have as nothing to do with "winnowing the issues before the Court."

[1] To be clear, Defendants assert in their motion to dismiss—and continue to maintain—that the Court should consider the allegations of Plaintiff's Amended Complaint, as amended by Oakie's medical files that were incorporated by reference. [Doc. 30, pp. 6-7].

8. If Plaintiff's Response had been limited to argument—the purported basis for her instant motion in the first place—then it would have met the standard 20-page limitation imposed by Local Rule 3.01.

Wherefore Defendants respectfully request the Court enter an order denying Plaintiff's motion for enlargement and directing her to re-file her same Response without the sections styled "Introduction" and "Factual Background."

Respectfully submitted this 1st day of October 2026.

**/s/ Brandon W. White**

William B. Armistead, Esq.
(FBN: 88535)
Brandon W. White, Esq.
(FBN: 84788)
warmistead@coppinsmonroe.com
bwhite@coppinsmonroe.com
kwillis@coppinsmonroe.com
kflemming@coppinsmonroe.com
COPPINS MONROE, P.A.
2316 Killearn Center Blvd., Ste. 202
Tallahassee, FL 32309
Office: 850-422-2420 Fax: 850-422-2730

ATTORNEYS FOR DEFENDANT BILLY WOODS, SHERIFF OF MARION COUNTY, FLORIDA, IN HIS OFFICIAL CAPACITY, CAPTAIN BRIAN SPIVEY, OFFICER N. CUSTODIO, DEPUTY GORDON, AND DEPUTY IOVINO

## CERTIFICATE OF SERVICE

Pursuant to Federal Rules of Civil Procedure 5(b), this document is filed electronically, and service shall be through the Court's transmission facilities on all persons appearing before this Court.

**/s/ Brandon W. White**