UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARILYN OAKIE, AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF JACOB OAKIE, DECEASED, ON BEHALF OF THE ESTATE AND SURVIVORS,

Plaintiff,

CASE NO. 5:26-cv-00405-WFJ-PRL

v.

BILLY WOODS, SHERIFF OF MARION COUNTY, FLORIDA, IN HIS OFFICIAL CAPACITY, ET AL,

Defendants.
_____________________________________/

## DEFENDANTS' JOINT MOTION TO PARTIALLY STAY DISCOVERY

All Defendants to this action, pursuant to Federal Rule of Civil Procedure 26(c), hereby jointly move to partially stay discovery pending the Court's resolution of the Defendants' pending motions to dismiss, [Docs 29, 30], or, if those motions are not granted in full, the close of pleadings in this case. Defendants offer their incorporated memorandum in support.

1. In her Amended Complaint, Plaintiff brings claims under § 1983 and Florida law arising from Marion County Jail (MCJ) inmate Jacob Oakie's ("Oakie") death on July 28, 2024, from meningitis. [Doc. 25].

2. All Defendants timely filed dispositive motions to dismiss Plaintiff's claims against them. [Docs 29-30].

3. On October 14, 2026, Plaintiff served a 105-item request for production to Defendant Billy Woods, Sheriff of Marion County, in his official capacity, see [Doc. 41-2], and a 110-item request for production to Defendant Heart of Florida Health Center, Inc., see [Doc. 41-3].

4. The extensive requests for production may be readily divided into two subjects: items that directly pertain to Oakie and those that do not.

5. Those requested items that directly pertain to Oakie are clear on their face as they make direct reference to him and/or his time in custody. The remainder of the items seek five years of extensive records of a wide variety of much broader matters, such as:

a. Housing, monitoring, and staffing records unrelated to Oakie's time in custody, see [Doc. 41-2, #'s 58-60; Doc. 41-3, #'s 58-60];

b. The medical condition and treatment of numerous non-parties, see [Doc. 41-2, #'s 61-64; Doc. 41-3, #'s 61-64];

c. Grievances, complaints, and lawsuits by numerous non-parties, see [Doc. 41-2, #'s 65-76; Doc. 41-3, #'s 65-76];

d. Contractual, budgetary, statistical, revenue, personnel, corporate, tax, risk management, and public relations

matters of Sheriff Woods and Heart of Florida, see [Doc. 41-2, #'s 77, 79-92; Doc. 41-3, #'s 77, 79-92, 103-107]; and

e. Policies, procedures, post orders, protocols, guidelines and training of Sheriff Woods and Heart of Florida, see [Doc. 41-2, #'s 93-98; Doc. 41-3, #'s 93-98].

6. Discovery in this case has just begun, and is ordered to conclude by October 22, 2027. [Doc. 28, p. 2].

7. Fed. R. Civ. P. 26(c)(1) authorizes the Court, "for good cause," to issue a protective order "specifying terms" for disclosure or discovery, but the party seeking the protective order must show good cause. In deciding whether good cause exists, courts consider "the severity and the likelihood of the perceived harm," "the precision with which the order is drawn," "the availability of a less onerous alternative," and "the duration of the order," and they balance the interests of the parties and nonparties. In re Alexander Grant & Co. Litig., 820 F.2d 352, 356 (11th Cir. 1987). Good cause "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." Metro. Life Ins. Co. v. Liebowitz, No. 2:20-CV-276-JES-MRM, 2021 WL 3520673, at *1 (M.D. Fla. July 2, 2021) (citing United States v. Garrett, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)).

8. As shown, Plaintiff seeks discovery into a wide breadth of matters. Those matters that do not directly pertain to Oakie will take significant

resources to locate, obtain, and review, and, on their face, implicate extremely sensitive / confidential matters such as numerous non-party medical records and business records.

9. Defendants contend that the Court's resolution of the Defendants' motions to dismiss will be dispositive of the case. Even if not granted entirely, it is likely to significantly alter the parties' needs for discovery.

10. Consequently, Defendants seek a stay of discovery into matters that do not directly pertain to Oakie until the resolution of the Defendants' pending motions to dismiss, or, should all or a portion of those motions fail, the close of pleadings in this case.

11. Such a stay would allow all parties to still move forward with a significant and meaningful portion of discovery, while not requiring the parties to undergo the significant burden of addressing the broader discovery matters until it is known exactly what claims are moving forward.

12. Such concerns establish good cause for the partial stay of discovery requested.

Wherefore the Defendants respectfully request that the Court enter an order granting a stay of discovery into matters that do not directly pertain to Oakie until this Court's resolution of the Defendants' pending motions to dismiss or, if they are not granted in full, the close of pleadings in this case.

Respectfully submitted this 3rd day of November 2026.

**COPPINS MONROE, P.A.**

/s/ Brandon W. White
Zackery A. Scharlepp, Esq.
FBN: 85374
Brandon W. White, Esq.
FBN: 84788
zascharlepp@coppinsmonroe.com
bwhite@coppinsmonroe.com
Coppins Monroe, P.A.
2316 Killearn Center Blvd., Suite 202
Tallahassee, FL 32309
Office: 850-422-2420
Fax: 850-422-2730

ATTORNEYS FOR DEFENDANTS BILLY WOODS, IN HIS OFFICIAL CAPACITY AS SHERIFF, MARION COUNTY, FLORIDA; ZACHARY ELLIOTT, INDIVIDUALLY

/s/ Cynthia Lynn
Howard L. Citron, Esq.
(FBN: 333300)
Cynthia Lynn, Esq.
(FBN: 1028133)
LACAVA JACOBSON
550 W. Cypress Creek Rd., Ste. 150
Ft. Lauderdale, FL 33309
954-205-0333
hlc.pleadings@lacavajacobson.com
Clynn@LaCavaJacobson.com

ATTORNEYS FOR DEFENDANTS HEART OF FLORIDA HEALTH CENTER, INC., DR. JOHN PEARSON, NURSE JOHN LITTLE, NURSE COLLEEN RUTLAND, NURSE SANDY GOMEZ, NURSE

DORISVEL RAMOS, ARNP DUANE CUNNINGHAM, NURSE LESLIE TYSON, AND NURSE ANDREA YOUNES

## LOCAL RULE 3.01(g) CERTIFICATE

I hereby certify that on November 2, 2026, I conferred by email with counsel for Plaintiff, James Slater, Esq., and he advised that Plaintiff opposes the relief sought in this motion.

/s/ Brandon W. White

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court.

/s/ Brandon W. White