UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARILYN OAKIE, AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF JACOB OAKIE, DECEASED, ON BEHALF OF THE ESTATE AND SURVIVORS,

PLAINTIFF, CASE NO. 5:26-cv-00405-WFJ-PRL

v.

BILLY WOODS, SHERIFF OF MARION COUNTY, FLORIDA, IN HIS OFFICIAL CAPACITY, ET AL,

DEFENDANTS.
_______________________________________/

**NOTICE OF FILING JOINTLY PROPOSED HIPAA-QUALIFIED PROTECTIVE ORDER**

ALL PARTIES to this action hereby give notice of filing their jointly proposed HIPAA-qualified protective order, in accordance with the Court's November 4, 2026, Order, [Doc. 44].

Respectfully submitted this 16th day of November 2026.

/s/ Sam Harton
ROMANUCCI & BLANDIN
Sam Harton*
321 N. Clark St. STE 900
Chicago, IL 60654

Tel: (312) 458-1000
Fax: (312) 458-1004
sharton@rblaw.net
*Pro hac vice

James M. Slater (FBN 111779)
SLATER LEGAL, PLLC
2296 Henderson Mill Rd NE #116
Atlanta, Georgia 30345
Tel. (404) 458-7283
james@slater.legal
Attorneys for Plaintiff

/s/ Brandon W. White
William B. Armistead, Esq.
(FBN: 88535)
Brandon W. White, Esq.
(FBN: 84788)
warmistead@coppinsmonroe.com
bwhite@coppinsmonroe.com
kwillis@coppinsmonroe.com
sanders@coppinsmonroe.com

COPPINS MONROE, P.A.
2316 Killearn Center Blvd., Ste. 202
Tallahassee, FL 32309
Office: 850-422-2420 Fax: 850-422-2730

ATTORNEYS FOR DEFENDANTS BILLY WOODS, SHERIFF OF MARION COUNTY, FLORIDA, IN HIS OFFICIAL CAPACITY, CAPTAIN BRIAN SPIVEY, OFFICER N. CUSTODIO, DEPUTY GORDON, AND DEPUTY IOVINO

/s/ Cynthia Lynn
Howard L. Citron
Cynthia Lynn

LACAVA JACOBSON

550 W. Cypress Creek Rd., Ste. 150
Ft. Lauderdale, FL 33309
954-205-0333
hlc.pleadings@lacavajacobson.com

ATTORNEYS FOR DEFENDANTS HEART OF FLORIDA HEALTH CENTER, INC., DR. JOHN PEARSON, NURSE JOHN LITTLE, NURSE COLLEEN RUTLAND, NURSE SANDY GOMEZ, NURSE DORISVEL RAMOS, ARNP DUANE CUNNINGHAM, NURSE LESLIE TYSON, AND NURSE ANDREA YOUNES

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARILYN OAKIE, AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF JACOB OAKIE, DECEASED, ON BEHALF OF THE ESTATE AND SURVIVORS,

PLAINTIFF, CASE NO. 5:26-cv-00405-WFJ-PRL

v.

BILLY WOODS, SHERIFF OF MARION COUNTY, FLORIDA, IN HIS OFFICIAL CAPACITY, ET AL,

DEFENDANTS.
_____________________________________/

**[PROPOSED] HIPAA-QUALIFIED PROTECTIVE ORDER**

Before the Court is a HIPAA-Qualified Protective Order stipulated to by ALL PARTIES in this action. The Court, having considered the proposed order and being advised in the premises, finds good cause for the Order to be granted. Accordingly, it is ORDERED:

The parties are engaged in discovery in a federal case that includes information about injuries, illness, or treatment that may appear in the medical and non-medical files of certain present and former Marion County Jail inmates.

In accordance with the regulations promulgated under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), including 45

C.F.R. § 164.512(e)(1)(ii)(B) and § 164.512(e)(1)(v), the Court hereby enters a HIPAA-Qualified Protective Order, as that term is defined in the aforementioned regulations.

### 1. Protected Health Information (PHI)

For purposes of this Order, the term “Protected Health Information” or “PHI” shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of health care to an individual, or (c) the payment for the provision of health care to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

### 2. Production of PHI by covered entities

This Order shall apply to all “covered entities” as defined by 45 C.F.R. § 160.103. Entities subject to this Order are hereby authorized and ordered to disclose PHI without redaction to counsel for parties to this action for purposes of litigation without violating HIPAA rules for the following scope of records:

a. Records relating to Jacob Oakie in the matter sued upon, and his then-existing and prior medical and mental health conditions, and any related examination and treatment thereof or investigation of underlying events.

b. Records relating to Marilyn Oakie and any other individual for whom damages are sought by Plaintiff in the matter sued upon, and their current and prior mental health conditions, and any related examination and treatment thereof.

c. Records relating to any third party who 1) was incarcerated at the Marion County Jail any time between June 20, 2019, to July 28, 2024, and 2) experienced a medical condition for which treatment was sought and/or provided during that incarceration.

Nothing in this Order shall be deemed to prevent any party from seeking leave of Court to obtain a modification of this Order to include other categories of PHI upon a showing of good cause.

Nothing in this Order shall be deemed to prevent any party or non-party from maintaining any objections or privileges, or seeking other relief, available by law; provided, however, that parties and non-parties may not assert a discovery objection based on the fact that records or information sought contain PHI protected by HIPAA, unless the PHI falls outside the scope of this Order.

### 3. Use and disclosure of PHI

Pursuant to 45 C.F.R. § 164.512(e)(1)(v)(A), the parties and their attorneys shall be allowed to use or disclose PHI for this litigation, and any appeals, settlement, or enforcement that may result. This includes disclosure to the presiding Judge and the Judge's support staff, the parties and the

parties' employees, their attorneys of record, the attorneys' firms (i.e., attorneys and support staff), the parties' insurers, experts, consultants, mediators, court reporters, videographers, and copy services, but the parties and their attorneys may not use the PHI for any other purpose.

Before disclosing documents with PHI, a party shall mark any document containing PHI with the following:

**"Confidential - Subject to HIPAA Qualified Protective Order"**

If a party wishes to file PHI with the Court, it must be submitted with a motion for filing under seal; provided, however, that any party may file a pleading or document with the Court that describes, summarizes, quotes, or contains PHI as long as information identifying the PHI subject is redacted, with an unredacted copy to the opposing parties. If a party moves a record containing PHI into evidence as part of the record, the Court shall appropriately instruct the Clerk on how to handle such documents.

Prior to disclosing PHI to persons involved in this action, the parties and their attorneys shall take reasonable steps to ensure that such persons do not use or disclose the PHI for any purpose other than this litigation. This shall include, but not be limited to, informing each such person that the PHI may not be used or disclosed for any purpose other than this litigation.

This Order does not control or limit the use of PHI that was received by means other than through this Order, for example, through consent of the individual or through a public records request.

## 4. Disposal of PHI

Pursuant to 45 C.F.R. § 164.512(e)(1)(v)(B), within 60 days from the conclusion of these proceedings, any recipient of PHI under this Order shall either return the PHI to the covered entity that provided it or destroy the PHI, including all copies made. For purposes of this Order, the conclusion of these proceedings shall mean the point at which this litigation is fully concluded, including by settlement or final order by the trial court ending the case, the conclusion of any appeals and proceedings on remand, the expiration of time for any party to seek further appellate review, or whenever a period of enforcement, determined by a settlement agreement or court order, terminates.

If any party learns that, by inadvertence or otherwise, PHI has been disclosed to any person or in circumstances not authorized under this Order, the party must, not later than 14 calendar days after learning of the disclosure:

a. Notify in writing the other parties of the unauthorized disclosures;

b. Use best efforts to retrieve all unauthorized copies of the Protected Health Information; and

c. Inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

DONE and ORDERED this _____ day of ________________, 2026.

________________________________
UNITED STATES DISTRICT JUDGE