**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**MARILYN OAKIE, PERSONAL REPRESENTATIVE FOR THE ESTATE OF JACOB OAKIE, DECEASED, ON BEHALF OF THE ESTATE AND SURVIVORS,**

**Plaintiffs,**

**v.** **Case No.: 5:26-cv-00405-WFJ-PRL**

**BILLY WOODS, et al.,**

**Defendants,**
**____________________________________/**

**ORDER**

This cause is before the Court on Defendants' Joint Motion to Partially Stay Discovery. (Doc. 43). Defendants seek an "order granting a stay of discovery into matters that do not directly pertain to Oakie until this Court's resolution of the Defendants' pending motions to dismiss or, if they are not granted in full, the close of pleadings in this case." (Doc. 43 at 4). Defendants argue that they timely filed dispositive motions to dismiss, and the Court's resolution of the motions will be dispositive of the case. *Id.* at 2, 4. Plaintiff filed a Response in Opposition to Defendants' Joint Motion. (Doc. 47). Plaintiff argues that Defendants fail to provide any justification or make any showing to satisfy their heavy burden to warrant staying discovery. (Doc. 47 at 1, 5–10).

It is well established that district courts have broad, inherent authority to manage their dockets, including the power to stay discovery. *See Aatrix Software, Inc. v. Green Shades Software, Inc.*, No. 3:15-cv-164-HES-MCR, 2015 WL 12835689, at *1 (M.D. Fla. Sept. 10, 2015); *Lewis v. Abbott Labs., Inc.*, No. 6:19-cv-909-Orl-31LRH, 2019 WL 5448289, at *2 (M.D. Fla. Aug.

2, 2019); *see also Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) ("This Court has also held that district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."). However, stays of discovery "are generally disfavored 'because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.'" *See Aatrix Software, Inc.*, 2015 WL 12835689, at *1 (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). Thus, a stay of discovery pending the resolution of a motion to dismiss is the exception, rather than the rule. *See McCrimmon v. Centurion of Fla., LLC*, No. 3:20-cv-36-J-39JRK, 2020 WL 6287681, at *2 (M.D. Fla. Oct. 27, 2020). Indeed, the Civil Discovery Handbook for the Middle District of Florida expressly states that:

> Normally, the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. Such motions for stay are rarely granted. However, unusual circumstances may justify a stay of discovery in a particular case upon a **specific showing of prejudice or undue burden**.

Middle District Discovery (2021) at Section I.E.4 (emphasis added). Moreover, motions to stay are generally denied "[a]bsent a **clear indication** a case will be dismissed in its entirety." *See McCrimmon*, 2020 WL 6287681 at *2 (emphasis added) (collecting cases). Significantly, it is the movant's burden to show the "'necessity, appropriateness, and reasonableness'" of a stay. *See id.* (quoting *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012)).

Upon review of the Motion, Response, and record in this case, the Court finds that Defendants have not met their burden of establishing that a stay is warranted at this time. Defendants fail to make a specific showing that discovery in this case presents the type

of "unusually" prejudicial or burdensome circumstance which could warrant a stay. Additionally, the Court has taken a "preliminary peek" at the motion to dismiss, and while the Court expresses no opinion on the ultimate merits of the motion, the undersigned is not convinced that the basis for dismissal of this action in its entirety is so patently obvious as to warrant the exceptional relief of a stay. *See Feldman*, 176 F.R.D. at 652 (explaining that in resolving a motion to stay, courts "take a preliminary peek" at the merits of the motion to dismiss to "see if it appears to be clearly meritorious and truly case dispositive"). Having weighed the harm of delay against the possibility the dispositive motion will be granted, the Court finds that the Motion to Stay is due to be denied.

Accordingly, Defendants' Joint Motion to Partially Stay Discovery (Doc. 43) is **DENIED.**

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 17th day of November 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies to: Counsel of Record